IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH HOOD                                                                                    PLAINTIFF

v.                                              Civil No. 4:18-cv-4138

DEPUTY EWING, Mail Security Supervisor,
Southwest Arkansas Community Correction
("SWACC"); TINA HODGE, Discipline
Supervisor, SWACC; HANSON, Maintenance
Supervisor, SWACC; CORPORAL KELLY,
Advisor/Counselor, SWACC; and
LIEUTENANT MAXWELL, Warden, SWACC                                  DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. (ECF No. 15). Plaintiff has filed a response. (ECF No. 18). The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff is currently an inmate in the Southwest Arkansas Community Correction Center (the "SWACCC") in Texarkana, Arkansas. On October 5, 2018, Plaintiff filed his Complaint in the Eastern District of Arkansas, pursuant to 42 U.S.C. § 1983. (ECF No. 2). On October 11, 2018, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). Plaintiff names the following people as Defendants in this lawsuit: Deputy Ewing, a Mail Security Supervisor at the SWACCC; Tina Hodge, a Discipline Supervisor at the SWACC; Hanson, a Maintenance Supervisor at the SWACCC; Corporal Kelly, an Advisor/Counselor at the SWACC; and Lieutenant Maxwell, the Warden of the SWACCC.

In his Complaint, Plaintiff alleges that his outgoing mail:

was read and passed around to the maintenance supervisor which in Fact was my
work supervisor. I lost my Job due to this. Also my mail was read out loud in front

> of other Residents at said unit (SWACCC), were I'm being incarcerated. Mr. Ewing passed my outgoing mail to the S.O.D. Tina Hodge. She let advisor Kelly and Maintenance Supervisor Hanson read it. While Mrs. Tina Hodge read it out loud to the (Black dot) High Archy residents who follows orders from Staff.

(ECF No. 2, pp. 5-6). On November 7, 2018, Plaintiff supplemented his Complaint, attaching copies of: "1) my original grievance and 2 page additional grievance form; 2) copy of informal resolution form; . . . 4) Warden's/center Supervisory Decision; . . . 6) Decision of the Deputy Director of Residential Services; and 7) Declaration of Robert Higgins." (ECF No. 9).

In an informal grievance dated September 27, 2018, Plaintiff states, "I sent a resident request on or about 8-24-18 about unauthorized staff and residents reading my personal mail[;] this unfortunately was misplaced or lost." (ECF No. 9, p. 2). That same day, Plaintiff checked the box on the grievance form indicating that his "complaint has NOT been resolved and [he] want[s] to pursue this matter (options include submitting a grievance)," and signed the document. *Id.* Plaintiff then filed his formal grievance, dated September 27, 2018. This grievance was received by SWACCC officials on October 1, 2018, and addressed on October 3, 2018. *Id.* at p. 6. Plaintiff then appealed the decision. *Id.* Defendant Maxwell, the SWACCC warden, issued her final decision concerning Plaintiff's formal grievance on October 30, 2018, finding Plaintiff's grievances to be without merit. *Id.* at p. 7.

Defendants filed the instant Motion to Dismiss on November 19, 2018, arguing: (1) the documents Plaintiff submitted in his Supplement demonstrate he failed to exhaust his administrative remedies before filing suit; and (2) Plaintiff fails to state a claim upon which relief may be granted as to separate Defendant Warden Maxwell. (ECF No. 15). Plaintiff filed a Response, stating as follows:

> After filing the initial Resident Request [on August 24, 2018] I waited for 2 weeks before asking Mrs. Reed for a copy this extending past the 5 day response as procedure states. Then when I was informed it had been lost . . . Mrs. Reed informed me that I could just staple both the complaint and the grievance form

2

together and file them at the same time. There was not back dating of any type on any part the Sept 27th is the date both forms were filed. I believe that this was intentional on the ARO Mrs. Reed's part. As this has seemingly been the rule and not the exception in this case. And as there being a delay between the time I appealed the Warden's Decision this is yet another break in the procedure of allowing 5 days for a response furthermore the Warden's decision was impossible to [decipher] . . . I do not think the timing on the 1983 filing would in any way change the decision of (SWACCC) . . . to sum this part of the case up I feel I have been deliberately misled on procedure by the ARO Mrs. Reed to create an opening for dismissal. As for Ms. Maxwell . . . I do not have any factual information that she had any involvement in the reading of my mail and I now know that she cannot be sued just because she is the center supervisor and agree she had no personal involvement.

(ECF No. 18).[1]

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must nonetheless allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Defendants argue that dismissal is warranted as to Defendant Maxwell because Plaintiff failed to allege any facts to support a claim upon which relief may be granted against her. They

---

[1] Mrs. Reed is not a named defendant in this lawsuit.

also argue that dismissal is warranted as to the remaining defendants because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

The Court will first address Defendants' arguments concerning Defendant Maxwell. The Court will then address Defendants' argument for dismissal based on failure to exhaust administrative remedies.

### A. Defendant Maxwell

Defendants argue that the Court should dismiss Plaintiff's claims against Defendant Maxwell because he has failed to state any facts to support a claim against her. Plaintiff concedes in his Response to the instant Motion to Dismiss that Defendant Maxwell had no personal involvement in the reading and distribution of his outgoing mail and asks the Court to "allow this case to proceed excluding only Ms. Maxwell." (ECF No. 18, p. 2).

The Court construes Plaintiff's statement as agreeing that dismissal of Defendant Maxwell is proper. Accordingly, the Court finds that Plaintiff's claims against Defendant Maxwell should be dismissed without prejudice.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA,

4

that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

"[I]n considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). If an inmate has not fully exhausted his administrative remedies when he files his complaint, "dismissal is mandatory." *Id*. However, the Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust the administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

Plaintiff appears to allege that he submitted his initial grievance paperwork in August 2018 concerning the allegations in this case and that the paperwork was lost or misplaced. Plaintiff argues he was effectively prevented from complying with the SWACCC's grievance procedure. (ECF No. 18). Plaintiff's argument is not supported by the facts. Plaintiff provides the Court with no evidence that he submitted a grievance concerning the events at issue in August 2018. As discussed below, the record shows that Plaintiff did in fact complete the grievance process, but only after he filed this lawsuit.

Plaintiff signed his Complaint on September 28, 2018, and it was filed in the Eastern District of Arkansas on October 5, 2018. Plaintiff's grievance was dated September 27, 2018, one day before he signed the Complaint, and was initially addressed by the SWACCC on October

5

3, 2018. Plaintiff then appealed the SWACCC's decision. Plaintiff ultimately completed the exhaustion process on October 30, 2018, twenty-five days after he filed this lawsuit. Because Plaintiff failed to administratively exhaust his claims prior to filing this lawsuit as required by the PLRA, his claims against Defendants Ewing, Hodge, Hanson, and Kelly must be dismissed without prejudice.[2]

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 15th day of January, 2019.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
United States District Judge

---

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003).